# Veazy *vs.* The inhabitants *of* Harmony.

Where a town order, payable in corn and grain, was presented to the town treasurer, who offered to pay it in those articles, but said that if the payee would wait till a future day he would pay it in money; which was agreed;—it was held that this was a waiver of the tender; and that the treasurer had sufficient authority thus to bind the town.

When specific articles, as corn or the like, being part of a larger quantity, are tendered, it seems they should be separated and set apart from the mass in which they are contained, that the party may see what is offered, and is to be his own.

This was *assumpsit,* upon a town order, drawn by the selectmen of *Harmony,* on their treasurer, directing him to pay the plaintiff $44,18 in corn, wheat or rye, in *August* 1825, at specified prices; for teaching a school in their town; the plaintiff alleging a demand and refusal, in *August* 1825, when the order was payable. The defendants pleaded a tender of sufficient corn and rye on that day,

and a refusal by the plaintiff; who replied, traversing the tender; and on this point issue was taken.

At the trial before *Smith J.* in the court below, the treasurer testified that at the time stated in the plea he had on hand, in a granary, sufficient corn and rye, the property of the town, to have paid the order; that the plaintiff's agent, meeting him about forty rods from the granary, asked him if he would pay the order; to which he replied that he would pay it in corn and grain; but added further that if he would wait till the ensuing *February* he would pay it in money. This the plaintiff's agent declined, but said he would wait till *December*; to which the treasurer assented, and made a memorandum to that effect on the back of the order; and the parties separated. The treasurer did not measure out nor set apart the corn or grain for the plaintiff, at any time; nor go into the granary with the agent; who was unprovided with bags or other means to take the grain away; and soon after this time the treasurer disposed of all the corn and grain in his hands, for the benefit of the town, in payment of its debts.

The judge was of opinion that the tender was not sufficiently proved; to which the defendants filed exceptions.

*Allen*, for the plaintiff.

*Greene*, for the defendants.

MELLEN C. J. delivered the opinion of the Court.

The question in this case is whether the plea of tender is maintained by the facts reported. The accepted order was payable in *August* 1825, and payment was then demanded. In reply, the town treasurer said he would pay it in corn and grain; and it appeared that he had then in his granary more than enough of those articles, belonging to the town, to satisfy the order. At this time the plaintiff and treasurer were forty rods from the building where the grain was deposited; and during the conversation, a proposal was made to pay the amount of the order in money in the *February* following, which was not accepted; but the plaintiff's agent agreed to wait till *December*, then next, and this proposition being acceptable to the

treasurer, a memorandum to that effect was made on the order and the parties separated. The order not being paid till after *December*, the present action was commenced. We are all of opinion that the foregoing facts do not prove a tender. We are strongly inclined to adopt the principle, as the correct one, that in such a case as this the treasurer should have separated and set apart such a quantity of grain as would have been sufficient to pay the order, and have offered such quantity in satisfaction ; so that the plaintiff need not to have incurred any expense himself in making the separation ; and so that he might also have known what part of the quantity in the store he was to receive ; but we do not decide the cause on this ground ; for we cannot but see that whatever was intended or done on the occasion, in relation to a tender, was all waived by both parties, by means of the arrangements made for delay of payment till *December.* The town treasurer, as the agent of the town, had as much authority to waive as to make a tender ; all was done in good faith and furnishes abundant proof that no effectual tender was contemplated as having been made, or even intended to be relied on. The disposal of the grain, soon after, by the treasurer, shews how he understood the whole business. The town had the benefit of the delay from *August* to *December,* and there is no soundness in the defence.

*Judgment for the plaintiff.*